## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Minnesota Voters Alliance, Mary Amlaw, Ken Wendling, and Tim Kirk, | Court File No.:  0:23-cv-2774 (NEB/TNL) |
| Plaintiffs, | |
| vs. | |
| Keith Ellison, in his official capacity as Attorney General, and Brad Johnson, in his official capacity as Anoka County Attorney, | **THE ANOKA COUNTY ATTORNEY'S SEPARATE ANSWER AND COUNTERCLAIM** |
| Defendants. | |

_____

Defendant Brad Johnson, in his official capacity as Anoka County Attorney, hereby submits this Answer and Counterclaim.  Johnson denies each and every allegation of the Complaint except as expressly admitted, qualified, or otherwise answered below.   If Johnson states that he lacks knowledge or information sufficient to form a belief as to the truth of an allegation, then he denies that allegation.

1.      With respect to the allegations contained in Paragraph 1, Johnson states that the Minnesota Constitution and the court's decision in *Schroeder v. Simon* speak for themselves.  Johnson denies any characterization that is inconsistent with the terms of those documents.  Johnson denies the remainder of the allegations contained in Paragraph 1 of the Complaint.

2.      With respect to the allegations contained in Paragraph 2, Johnson is without knowledge or information sufficient to form a belief as to Plaintiffs' subjective belief about

the veracity of the quoted statement.  Johnson admits that Plaintiffs have commenced the referenced lawsuit in Anoka County District Court.

3.      Johnson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      Paragraph 4 contains allegations of law to which no responsive pleading is required.  Johnson states that the referenced law speaks for itself and denies any characterization of that law contained in Paragraph 4.

5.      Paragraph 5 contains allegations of law to which no responsive pleading is required.  Johnson states that the referenced law speaks for itself and denies any characterization of that law contained in Paragraph 5.

6.      Paragraph 6 contains allegations of law to which no responsive pleading is required.  Johnson states that the referenced law speaks for itself and denies any characterization of that law contained in Paragraph 6.

7.      Paragraph 7 contains allegations of law to which no responsive pleading is required.  Johnson states that the referenced law speaks for itself and denies any characterization of that law contained in Paragraph 7.

8.      With respect to the allegations contained in Paragraph 8, Johnson states that the referenced law speaks for itself and denies any characterization of that law.  Johnson is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding the steps necessary to defend against an action commenced under the statute.

9.      Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.     With respect to Paragraph 11, Johnson states that Plaintiffs are making arguments rather than stating allegations of fact.  Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations and arguments contained in Paragraph 11.

12.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     Paragraph 14 contains allegations of law to which no responsive pleading is required.

15.     Johnson acknowledges the relief sought by Plaintiffs through Paragraph 15 but denies that Plaintiffs are entitled to receive such relief.

## **PARTIES**

16.     With respect to the allegations contained in Paragraph 16 of the Complaint, Johnson admits that the Minnesota Voters Alliance has commenced a lawsuit in state court challenging the legislature's 2023 amendments to Minnesota Statute § 201.014.  Johnson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16.

17.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     With respect to the allegations contained in Paragraph 18, Plaintiffs' allegations regarding the Minnesota Voters Alliance's standing to pursue this action are allegations of law to which no responsive pleading is required.  Johnson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18.

19.     With respect to the allegations contained in Paragraph 19, Johnson admits that Amlaw is a resident of Anoka County who is active in state and local politics.  Johnson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19.

20.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     With respect to the allegations contained in Paragraph 21, Johnson admits that Wendling is an Anoka County resident who is active in state and local politics.  Johnson admits that Wendling is currently a City of Spring Lake Park City Council member and that Wendling previously ran for the Minnesota House of Representatives.  Johnson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21.

22.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     With respect to the allegations contained in Paragraph 23, Johnson admits that Kirk is an Anoka County resident.  Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     Johnson admits the allegations contained in Paragraph 25 of the Complaint.

26.     Johnson states that Paragraph 26 contains allegations of law to which no responsive pleading is required.  Johnson states that the referenced law speaks for itself and denies any characterization of that law contained in Paragraph 26.

27.     Johnson admits the allegations contained in Paragraph 27 of the Complaint.

28.     Johnson states that Paragraph 28 contains allegations of law to which no responsive pleading is required.  Johnson states that the referenced law speaks for itself and denies any characterization of that law contained in Paragraph 28.

## JURISDICTION AND VENUE

29.     Johnson states that Paragraph 29 contains allegations of law to which no responsive pleading is required.

30.     Johnson states that Paragraph 30 contains allegations of law to which no responsive pleading is required.

31.     Johnson states that Paragraph 31 contains allegations of law to which no responsive pleading is required.

## STATEMENT OF THE CLAIM

32.     Johnson admits the allegations contained in Paragraph 32.

33.     Paragraph 33 contains allegations of law to which no responsive pleading is required.  Johnson states that the referenced statute speaks for itself and denies any characterization of that statute that is inconsistent with its terms.

34.     Paragraph 34 contains allegations of law to which no responsive pleading is required.  Johnson states that the referenced statute speaks for itself and denies any characterization of that statute that is inconsistent with its terms.

35.     Paragraph 35 contains allegations of law to which no responsive pleading is required.  Johnson states that the referenced statute speaks for itself and denies any characterization of that statute that is inconsistent with its terms.

36.     Paragraph 36 contains allegations of law to which no responsive pleading is required.  Johnson states that the referenced statute speaks for itself and denies any characterization of that statute that is inconsistent with its terms.

37.     Paragraph 37 contains allegations of law to which no responsive pleading is required.  Johnson states that the referenced statute speaks for itself and denies any characterization of that statute that is inconsistent with its terms.

38.     Paragraph 38 contains allegations of law to which no responsive pleading is required.  Johnson states that the referenced statute speaks for itself and denies any characterization of that statute that is inconsistent with its terms.

39.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40.     Paragraph 40 contains allegations of law to which no responsive pleading is required.  Johnson states that the referenced statute speaks for itself and denies any characterization of that statute that is inconsistent with its terms.

41.     Paragraph 41 contains allegations of law to which no responsive pleading is required.  Johnson states that the referenced statute speaks for itself and denies any characterization of that statute that is inconsistent with its terms.

42.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     With respect to the allegations contained in Paragraph 45, Johnson acknowledges that Plaintiffs commenced the referenced lawsuit in state court.  Johnson states that Plaintiffs' lawsuit speaks for itself and denies any characterization of that lawsuit.

46.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.     With respect to the allegations contained in Paragraph 48, Johnson lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective beliefs

about the state of Minnesota law or their intention to speak regarding those beliefs.  The remainder of Paragraph 48 contains allegations of law to which no responsive pleading is required.

49.     Johnson denies the allegations contained in Paragraph 49 of the Complaint.

50.     With respect to the allegations contained in Paragraph 50, Johnson states that the cited statute speaks for itself.  Johnson denies any characterization of that statute that is inconsistent with its terms.  Johnson admits that the referenced statute confers on him the ability and obligation to enforce the statute.

51.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.     Johnson denies the allegations contained in Paragraph 52.

53.     Johnson denies the allegations contained in Paragraph 53.

54.     Johnson denies the allegations contained in Paragraph 54.

55.     Johnson denies the allegations contained in Paragraph 55.

56.     Johnson denies the allegations contained in Paragraph 56.

57.     Johnson denies the allegations contained in Paragraph 57.

58.     Johnson denies the allegations contained in Paragraph 58.

59.     Johnson denies the allegations contained in Paragraph 59.

60.     Johnson denies the allegations contained in Paragraph 60.

61.     Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62.     Johnson states that Paragraph 62 contains allegations of law to which no responsive pleading is required.

63.     With respect to the allegations contained in Paragraph 63, Johnson states that the cited statute speaks for itself.  Johnson denies any characterization of that statute that is inconsistent with its terms.

64.     With respect to the allegations contained in Paragraph 64, Johnson acknowledges the relief sought by Plaintiffs but denies that Plaintiffs are entitled to receive such relief.

## CAUSES OF ACTION

### Count One

### First Amendment Freedom of Speech—Overbreadth

65.     Johnson incorporates herein by reference the preceding paragraphs of this Answer.

66.     With respect to the allegations contained in Paragraph 66, Johnson states that the First Amendment speaks for itself.  Johnson denies any characterization of that amendment that is inconsistent with its terms.

67.     Johnson states that Paragraph 67 contains allegations of law to which no responsive pleading is required.

68.     Johnson states that Paragraph 68 contains allegations of law to which no responsive pleading is required.

69.     Johnson denies the allegations contained in Paragraph 69 of the Complaint.

70.     With respect to the allegations contained in Paragraph 70, Johnson states that the statute speaks for itself.  Johnson denies any characterization of that statute that is inconsistent with its terms.

71.     Johnson denies the allegations contained in Paragraph 71.

72.     Johnson denies the allegations contained in Paragraph 72.

73.     Johnson denies the allegations contained in Paragraph 73.

## COUNT TWO

### First Amendment Freedom of Speech—Content and Viewpoint Discrimination

74.     Johnson incorporates herein by reference the preceding paragraphs of this Answer.

75.     Paragraph 75 contains allegations of law to which no responsive pleading is required.

76.     Paragraph 76 contains allegations of law to which no responsive pleading is required.

77.     With respect to the allegations contained in Paragraph 77, Johnson states that the statute speaks for itself.  Johnson denies any characterization of that statute that is inconsistent with its terms.

78.     With respect to the allegations contained in Paragraph 78, Johnson states that the statute speaks for itself.  Johnson denies any characterization of that statute that is inconsistent with its terms.

79.     Johnson denies the allegations contained in Paragraph 79 of the Complaint.

80.     Johnson denies the allegation contained in Paragraph 80 of the Complaint.

81.     Johnson denies the allegations contained in Paragraph 81 of the Complaint.

82.     Johnson denies the allegations contained in Paragraph 82 of the Complaint.

83.     Johnson denies the allegations contained in Paragraph 83 of the Complaint.

### COUNT THREE

**First Amendment Freedom of Speech—Vagueness**
**Procedural Due Process—Vagueness**

84.     Johnson incorporates herein by reference the preceding paragraphs of this
Answer.

85.     Paragraph 85 contains allegations of law to which no responsive pleading is
required.

86.     Paragraph 86 contains allegations of law to which no responsive pleading is
required.

87.     Johnson denies the allegations contained in Paragraph 87 of the Complaint.

88.     Johnson denies the allegations contained in Paragraph 88 of the Complaint.

89.     Johnson denies the allegations contained in Paragraph 89 of the Complaint.

90.     Johnson denies the allegations contained in Paragraph 90 of the Complaint.

91.     Johnson denies the allegations contained in Paragraph 91 of the Complaint.

92.     Johnson denies the allegations contained in Paragraph 92 of the Complaint.

93.     Johnson denies the allegations contained in Paragraph 93 of the Complaint.

94.     Johnson denies the allegations contained in Paragraph 94 of the Complaint.

95.     Johnson denies the allegations contained in Paragraph 95 of the Complaint.

96.     Johnson denies the allegations contained in Paragraph 96 of the Complaint.

97.     Johnson denies the allegations contained in Paragraph 97 of the Complaint.

## COUNT FOUR

### First Amendment Freedom of Speech—Prior Restraint

98.     Johnson incorporates herein by reference the preceding paragraphs of this Answer.

99.     Paragraph 99 contains allegations of law to which no responsive pleading is required.

100.    Johnson denies the allegations contained in Paragraph 100 of the Complaint.

101.    With respect to the allegations contained in Paragraph 101, Johnson states that this paragraph contains allegations of law to which no responsive pleading is required. Johnson admits that some categories of speech are not protected by the First Amendment. Johnson denies the remainder of the allegations contained in Paragraph 101.

102.    With respect to the allegations contained in Paragraph 102, Johnson states that the statute speaks for itself.  Johnson denies any characterization of that statute that is inconsistent with its terms.

103.    Johnson denies the allegations contained in Paragraph 103.

104.    Johnson denies the allegations contained in Paragraph 104.

105.    Johnson denies the allegations contained in Paragraph 105.

106.    Johnson denies the allegations contained in Paragraph 106.

107.    Johnson denies the allegations contained in Paragraph 107.

## **AFFIRMATIVE AND OTHER DEFENSES**

1.      One or more of Plaintiffs' claims fails to state a claim upon which relief can be granted against Johnson.

2.      Plaintiffs lack standing to pursue one or more of their claims, and therefore this Court lacks subject matter jurisdiction to adjudicate those claims.

3.      One or more of Plaintiffs' claims is not ripe for adjudication.

4.      Because Plaintiffs challenge the constitutionality of a law passed by the Minnesota legislature, Johnson is not a proper defendant.

5.      Plaintiffs' claims under 42 U.S.C. § 1983 fail because Plaintiffs have not alleged the existence of a municipal policy adopted by Anoka County.

6.      Plaintiffs' claims may be barred by some or all of the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure, which are incorporated herein by reference.

7.      Johnson is immune from liability under the doctrines of qualified immunity, official immunity, vicarious immunity, prosecutorial immunity, and/or statutory immunity among other forms of immunity as discovery may support.

8.      Johnson cannot be held liable in his official capacity for enforcing a law passed by the Minnesota legislature.

9.      Johnson reserves the right to assert additional affirmative defenses as this matter proceeds.

10.      Johnson denies each and every material allegation that would purport to support a claim of liability against him.

13

WHEREFORE, Johnson asks the Court to dismiss this action, to deny the relief sought by Plaintiffs, to enter judgment in Johnson's favor, to award Johnson in his official capacity on behalf of the Anoka County Attorney's Office his costs, disbursements, and attorneys' fees incurred in this action, and to order such other or further relief as the Court may deem just and equitable.

## COUNTERCLAIM

Defendant Brad Johnson, in his official capacity as the Anoka County Attorney, brings this counterclaim against Minnesota Voters Alliance ("MVA"), Mary Amlaw, Ken Wendling, and Tim Kirk (collectively, the "Counterclaim Defendants").

## PARTIES

1.     Anoka County is a political subdivision of the state of Minnesota.  Brad Johnson is the duly-elected Anoka County Attorney.

2.     As Anoka County Attorney, Johnson has the authority and responsibility to enforce specific criminal and civil laws enacted by the Minnesota legislature as those laws apply to the residents of Anoka County and conduct or actions occurring within Anoka County.

3.     According to Paragraph 16 of its Complaint, Counterclaim Defendant MVA is an organization that engages in advocacy surrounding issues related to the elections process in Minnesota.  Upon information and belief, some of that advocacy occurs or will occur in Anoka County.

4.     According to Paragraph 19 of her Complaint, Counterclaim Defendant Amlaw is a resident of Anoka County.  Amlaw alleges that she "believes, says, and will

continue to believe and say that felons still serving their sentences cannot vote under the

Minnesota Constitution, within the State of Minnesota and within Anoka County." The

statements that form the basis of this Counterclaim thus directly affect the residents of

Anoka County.

5.      According to Paragraph 21 of his Complaint, Counterclaim Defendant

Wendling is a resident of Anoka County and a member of the Spring Lake Park City

Council. Wendling alleges that he "believes, says, and will continue to believe and say

that felons still serving their sentences cannot vote under the Minnesota Constitution,

within the State of Minnesota and within Anoka County." The statements that form the

basis of this Counterclaim thus directly affect the residents of Anoka County.

6.      According to Paragraph 23 of his Complaint, Counterclaim Defendant Kirk

is a resident of Anoka County. Kirk alleges that he "believes, says, and will continue to

believe and say that felons still serving their sentences cannot vote under the Minnesota

Constitution, within the State of Minnesota and within Anoka County." The statements

that form the basis of this Counterclaim thus directly affect the residents of Anoka County.

## JURISDICTION AND VENUE

7.      This Court has personal jurisdiction over all Counterclaim Defendants

because those defendants all reside within Minnesota and the conduct at issue in this

Counterclaim has occurred and will continue to occur in Minnesota.

8.      This Court has subject matter jurisdiction to decide this Counterclaim

because this Counterclaim arises out of the same transactions and occurrences that form

the basis of the Complaint filed in this case, making this a mandatory counterclaim under

Fed. R. Civ. Proc. 13(a). This Court has supplemental jurisdiction to decide the state claims alleged in this Counterclaim to the extent this Court has jurisdiction to resolve the federal claims alleged in the Complaint.

9.     Venue is proper in this Court because a substantial portion of the events giving rise to the claims alleged occurred in the District of Minnesota.

**JOHNSON IS ENTITLED TO AN ORDER RESTRAINING THE COUNTERCLAIM DEFENDANTS FROM VIOLATING MINN. STAT. § 211B.075**

10.     New Minnesota Statute Section 211B.075 became effective as of June 15, 2023. That statute is entitled "Intimidation and Interference with the Voting Process; Penalties."

11.      Subdivision 1 of Section 211B.075 provides:

**Subdivision 1.**

**Intimidation**.
(a) A person may not directly or indirectly use or threaten force, coercion, violence, restraint, damage, harm, or loss, including loss of employment or economic reprisal against:

   (1) any person with the intent to compel that person to register or abstain from registering to vote, vote or abstain from voting, or vote for or against a candidate or ballot question; or

   (2) any person with the intent to impede that person's efforts to encourage another to cast a ballot or assist another in registering to vote, traveling to a polling place, casting a ballot, or participating in any other aspect of the election process.

   (b) Notwithstanding paragraph (a), in a civil action brought to prevent and restrain violations of this subdivision or to require the payment of civil penalties, the plaintiff must demonstrate that the action or attempted action would cause a reasonable person to feel intimidated. The plaintiff does not need to show that the defendant intended to cause the victim to feel intimidated.

12.     Subdivision 2 of Section 211B.075 provides:

16

**Subdivision 2.**

**Deceptive practices**.

(a) No person may, within 60 days of an election, cause information to be transmitted by any means that the person:

(1) intends to impede or prevent another person from exercising the right to vote; and

(2) knows to be materially false.

(b) The prohibition in this subdivision includes but is not limited to information regarding the time, place, or manner of holding an election; the qualifications for or restrictions on voter eligibility at an election; and threats to physical safety associated with casting a ballot.

13.    Subdivision 3 of Section 211B.075 provides:

**Subdivision 3.**

**Interference with registration or voting.**

No person may intentionally hinder, interfere with, or prevent another person from voting, registering to vote, or aiding another person in casting a ballot or registering to vote.

14.    Subdivision 4 of Section 211B.075 provides:

**Subdivision 4.**

**Vicarious liability; conspiracy**.

A person may be held vicariously liable for any damages resulting from the violation of this section and may be identified in an order restraining violations of this section if that person:

(1) intentionally aids, advises, hires, counsels, abets, incites, compels, or coerces a person to violate any provision of this section or attempts to aid, advise, hire, counsel, abet, incite, compel, or coerce a person to violate any provision of this section; or

(2) conspires, combines, agrees, or arranges with another to either commit a violation of this section or aid, advise, hire, counsel, abet, incite, compel, or coerce a third person to violate any provision of this section.

15.     Subdivision 5 of Section 211B.075 imposes both civil and criminal penalties on anyone who violates any of the preceding four subdivisions.  Most relevant for purposes of the present action, Subdivision 5(b) provides that "a county attorney…may bring a civil action to prevent or restrain a violation of this section if there is a reasonable basis to believe that an individual or entity is committing or intends to commit a prohibited act."

16.     According to Subdivision 5(c), a county attorney may also bring an action to "recover damages, together with costs of investigation and reasonable attorney fees, and receive other equitable relief as determined by the court."  In addition to all other damages, a court may also impose a civil penalty of up to $1,000 for each violation.

17.     Counterclaim Defendants allege and admit in their Complaint that they have violated in the past (and plan to continue violating in the future) Section 211B.075 by falsely claiming that "felons still serving their sentences do not have a right to vote in Minnesota."  (Complaint, ¶ 12).  Counterclaim Defendants allege and admit that they "intend to continue to speak…as to their view of the Minnesota Constitution:  felons who have not served their full sentences, or otherwise had their sentences discharged, cannot legally vote." (Complaint, ¶ 3).

18.     While Counterclaim Defendants may believe that Minnesota law **should** prohibit felons from voting, it is clear that Defendants understand that Minnesota law currently **does** allow felons to vote.

19.     Effective June 1, 2023, Minnesota Statute Section 201.014 restored the right to vote to those individuals with a felony conviction during any period when they are not incarcerated for the offense.  Section 201.014 provides:

**Subdivision 2a.**

**Felony conviction; restoration of civil right to vote.**

An individual who is ineligible to vote because of a felony conviction has the civil right to vote restored during any period when the individual is not incarcerated for the offense. If the individual is later incarcerated for the offense, the individual's civil right to vote is lost only during that period of incarceration. For purposes of this subdivision only, an individual on work release under section 241.26 or 244.065 or an individual released under section 631.425 is not deemed to be incarcerated.

20.     According to Minnesota Secretary of State Steve Simon, Section 201.014 is estimated to restore voting rights to at least 55,000 Minnesotans.  Upon information and belief, some of those individuals reside in Anoka County.

21.     Counterclaim Defendants know that felons can presently legally vote in Minnesota because they have filed a separate lawsuit challenging the constitutionality of that very statute.  *See Minnesota Voters Alliance, Mary Amlaw, Ken Wendling, and Tim Kirk v. Tom Hunt et al.*, Minn. Dist. Ct. File No. 02-CV-23-3416.

22.     In their state court lawsuit, Counterclaim Defendants admit that the statements they have made and plan to make in the future regarding the voting rights of an individual previously convicted of a felony are directly contrary to existing Minnesota law. Counterclaim Defendants admit in their federal Complaint that they have said (and plan to continue saying):  "felons who have not served their full sentences, or otherwise had their sentences discharged, cannot legally vote."   (Complaint, ¶ 3).   In their state court Complaint, however, the Counterclaim Defendants admit that Section 201.014 "purports to restore the right to vote to those convicted of felony crimes who have not completed

their sentence and are still on supervised release or probation." (State Court Complaint, ¶ 12). A copy of Counterclaim Defendants' state court Complaint is attached as Exhibit A.

23.    The statement that "felons who have not served their full sentences, or otherwise had their sentences discharged, cannot legally vote" is a materially false statement under existing Minnesota law.

24.    Minnesota is holding its 2023 elections on November 7, 2023. Anoka County residents will have the opportunity to cast their votes in a number of races on that date.

25.    Upon information and belief, there is a group of Anoka County residents who were previously convicted of felonies who have had their voting rights restored by virtue of Minnesota Statute Section 201.014. Those residents are able to exercise their right to vote in the November 7 election as a matter of law.

26.    It is clear that Counterclaim Defendants are committing and/or intend to commit a prohibited act under Section 211B.075 by making materially false statements about the ability of individuals with a felony conviction to register to vote and cast a vote.

27.    As the County Attorney for the county in which the individual Counterclaim Defendants reside and the county in which Counterclaim Defendant MVA has made or intends to make and publish in the future its materially false statements, Johnson is authorized to commence a civil action against Counterclaim Defendants under Section 211B.075, Subd. 5.

## COUNT I

## VIOLATION OF MINN. STAT. § 211B.075

28.    Johnson incorporates herein by reference the preceding paragraphs of this Counterclaim.

29.    Counterclaim Defendants have alleged that they have said, and plan to continue saying, that "felons still serving their sentences do not have a right to vote in Minnesota." (Complaint, ¶ 12).

30.    Counterclaim Defendants' statement is a materially false statement under Minnesota law.

31.    Subdivision 1 of Minn. Stat. Section 211B.075 prohibits a person from directly or indirectly threatening "damage, harm, or loss" against any person with the intent to compel that person to abstain from registering to vote or voting.

32.    Counterclaim Defendants' materially false statements about the right of individuals previously convicted of a felony to register to vote and vote in Minnesota violate Subdivision 1, because a reasonable person previously convicted of a felony but no longer incarcerated could be misled and/or would feel intimidated by Counterclaim Defendants' false statements about that person's eligibility to vote.

33.    Subdivision 2 of Section 211B.075 prohibits a person, within 60 days of an election, from transmitting information (1) intended to impede or prevent another person from exercising the right to vote, (2) which the person knows to be materially false. Subdivision 2 specifically prohibits the dissemination of information regarding "the qualifications for or restrictions on voter eligibility."

34.     Counterclaim Defendants' materially false statement that "felons still serving their sentences do not have a right to vote in Minnesota" constitutes a deceptive practice under Subdivision 2, as Counterclaim Defendants have made that statement (and allege an intention to continue making that statement) within 60 days of an election.

35.     Subdivision 3 of Section 211B.075 provides that "no person may intentionally hinder, interfere with, or prevent another person from voting, registering to vote, or aiding another person in casting a ballot or registering to vote."

36.     Counterclaim Defendants' materially false statement that "felons still serving their sentences do not have a right to vote in Minnesota" hinders, interferes with, or prevents another person from registering to vote within the meaning of the statute by interfering with the right to vote granted to individuals previously convicted of felonies. Counterclaim Defendants' actual and intended statements interfere with those individuals' right to register and vote.

37.     Subdivision 4 of Section 211B.075 provides that a person or entity may be held vicariously liable for violations of Section 211B.075 under defined circumstances.

38.     Counterclaim Defendants have conspired, combined, agreed, or arranged with each other to disseminate, and have expressed an intention to continue conspiring, combining, agreeing, or arranging with each other in the future to disseminate, materially false statements about the rights of individuals previously convicted of a felony to vote in Minnesota.

39.     Subdivision 5 of Section 211B.075 provides that a county attorney "may bring a civil action to prevent or restrain a violation of this section if there is a reasonable

basis to believe that an individual or entity is committing or intends to commit a prohibited act."

40.     The allegations made by Counterclaim Defendants in their Complaint show that they are committing and intend to commit in the future an act prohibited by the statute. Johnson is entitled to an order restraining Counterclaim Defendants from current and future violations of the statute.

41.     Pursuant to Subdivision 5(c), a county attorney may also bring a civil action to recover damages, along with costs of investigation and reasonable attorney fees. In addition to those damages, this Court may impose a civil penalty of up to $1,000 for each violation.

42.     Johnson asks this Court to (1) order Counterclaim Defendants to refrain from making false statements concerning the eligibility to vote of individuals previously convicted of a felony, (2) award damages against Counterclaim Defendants and require Counterclaim Defendants to compensate Johnson for investigation costs and attorney fees incurred in connection with this action, and (3) impose a civil penalty of $1,000 for each violation of the statute committed by Counterclaim Defendants.

**WHEREFORE**, Johnson asks this Court to enter an order:

1.     Restraining Counterclaim Defendants (jointly and severally) from violating the provisions of Section 275B.011 in the future;

2.     Assessing damages against Counterclaim Defendants (jointly and severally) for violations of Section 275B.011;

3.     Awarding Johnson, in his capacity as Anoka County Attorney, his costs of investigation and attorneys' fees;

4.     Imposing a civil penalty of $1,000 for each violation of the statute committed by the Counterclaim Defendants; and

5.     Granting any further relief that the Court finds just and equitable.

BRAD JOHNSON
ANOKA COUNTY ATTORNEY


Dated:  October 3, 2023          By:   *s/ Jason J. Stover*
                                       Jason J. Stover (#30573X)
                                       Robert Yount   (#0397752)
                                       Jason.Stover@anokacountymn.gov
                                       Robert.Yount@anokacountymn.gov
                                       Anoka County Attorney's Office
                                       2100 Third Avenue
                                       Anoka, Minnesota  55303
                                       Phone:  (763) 324-5457
                                       Assistant Anoka County Attorneys